IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| MICHAEL P. O'CONNELL, | CV 14-00023-H-DLC-RKS |
|---|---|
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| STEVE BULLOCK and the MONTANA LEGISLATURE, | |
| Defendants. | |

**SYNOPSIS**

Mr. O'Connell alleges the Montana parole statutes are unconstitutional because the decisions made by the Board of Pardons and Parole cannot be appealed or challenged in court. He alleges the Board of Pardons and Parole has been given authority to create its own policies free of state or federal involvement. (Complaint, Doc. 2 at 5.) Mr. O'Connell's allegations fail to state a claim upon which relief may be granted. The Complaint should be dismissed.

**JURISDICTION**

Mr. O'Connell filed this action in federal court, in the Helena Division of the District of Montana. (Complaint, Doc. 2.) Venue is proper and the Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R.

1

Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Complaint attempts to allege a violation under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Dana Christensen, Chief United States District Court Judge, and referred to the undersigned. Local Rule 72.2(a)(1).

## STATUS

Mr. O'Connell is a prisoner proceeding in forma pauperis. His Complaint must be reviewed to determine if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. If so, the case must be dismissed. 28 U.S.C. §§ 1915(e)(2), 1915A(b). This is the review.

## STANDARDS

**Stating a claim**

A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility is less than probability, but requires "more than a sheer possibility that

2

a defendant has acted unlawfully." *Id.* Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. *Id.* at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal for failure to state a claim. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**Leave to amend**

Mr. O'Connell, representing himself, is entitled to have his Complaint liberally construed. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Leave for Mr. O'Connell to amend his complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15. A district court, however, should dismiss a complaint without granting leave to amend if amendments would be futile. *Klamath Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

**Mootness**

"[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (*quoting Preiser v. Newkirk,* 422 U.S. 395, 401 (1975) (*internal quotation marks and citation omitted*)). "A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Porter v. Jones*, 319 F.3d 483, 489 (9th Cir. 2003) (internal quotation marks omitted) (*quoting Clark v. City of Lakewood*, 259 F.3d 996, 1011 (9th Cir. 2001)).

**Challenge to Denial of Parole**

In *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997), the plaintiff alleged in a § 1983 action that defendants violated his due process rights "by considering false information in his prison file to find him ineligible for parole." The Ninth Circuit held that where a challenge to the procedures used in the denial of parole "necessarily implicates the validity of the denial parole and, therefore, the prisoner's continuing confinement[,]" the § 1983 action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Butterfield*, 120 F.3d at 1024.

**Due Process**

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A

4

litigant asserting a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. *Swarthout v. Cooke*, 131 S.Ct. 859, 861 (2011) (per curiam).

Under federal law, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). Moreover, in Montana, inmates convicted after 1989 do not have a state-created liberty interest in parole. *Compare* Mont. Code Ann. §§ 46-23-201(1) (2011) (the board may release a prisoner on nonmedical parole "when in the board's opinion there is reasonable probability that a prisoner can be released without detriment to the prisoner or to the community"), -201(5) ("A prisoner may be placed on parole *only* when the board believes that the prisoner is able and willing to fulfill the obligations of a law-abiding citizen.") (emphasis added), *with Board of Pardons v. Allen*, 482 U.S. 369, 377-78 (1987) (holding that the previous version of Montana statute, which stated parole "shall" be granted when the Board finds certain facts, "creat[ed] a presumption that parole release will be granted," and so created a liberty interest protected by federal due process).

*Swarthout* made clear that a prisoner seeking parole receives adequate process when he is allowed an opportunity to be heard and is provided a statement of the reasons why parole was denied. *Swarthout*, 131 S.Ct. at 862 (*citing Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 16 (1979)). The Constitution does not require more. *Id.*

## FACTUAL ALLEGATIONS

For purposes of this review, factual allegations in the Complaint are presumed to be true. Unsupported legal conclusions, however, are disregarded.

Mr. O'Connell alleges the Montana Board of Pardons and Parole, by the actions of the Montana Legislature, has violated the rights of all inmates in the State because a decision of the Board cannot be appealed or challenged in court. Mr. O'Connell alleges he complied with all court-ordered treatments and became parole eligible on June 8, 2012, but received a two-year "flop" based solely on his criminal history. (Complaint, Doc. 2 at 6.)

## ANALYSIS

**Mootness**

Mr. O'Connell was granted parole upon completion of pre-release at his April 2014 parole hearing. Final Board Dispositions April 2014 at 17, available at http://bopp.mt.gov/dispositions (accessed November 14, 2014). Since he has been

granted parole, his legal interest in an injunction is extinguished because it would have no effect on him. See *Bernhardt*, 279 F.3d at 871.

**Denial of Parole**

Mr. O'Connell presented his claims as a challenge to the Montana parole statutes, but he seems to seek damages based upon the denial of his parole. A § 1983 action is not the proper vehicle to challenge the denial of parole. "[A] challenge to the procedures used in the denial of parole necessarily implicates the validity of the denial of parole, and therefore, the prisoner's continuing confinement." *Butterfield*, 120 F.3d at 1024. This is a collateral attack on the denial of parole and subsequent incarceration which *Heck* does not permit. Although Mr. O'Connell contends parole decisions are not reviewable, he is incorrect. If Mr. O'Connell wanted to challenge the Montana parole statutes as unconstitutional, he could have filed a federal petition for writ of habeas corpus after exhausting his state court remedies. He did not do so.

**Due Process**

Mr. O'Connell does not have a liberty interest in parole. *See Greenholtz*, 442 U.S. at 7. Even if Mr. O'Connell had a liberty interest in parole, he is not entitled to federal judicial review of the quality of the Board's reasons for denying him parole. *Swarthout*, 131 S. Ct. at 862.

Mr. O'Connell does not complain that he was deprived of anything he actually was entitled to: notice, a written statement of reasons, and an opportunity to be heard. *Swarthout*, 131 S.Ct. at 862; Mont. Admin. R. 20.25.306(1), 401(1); (Doc. 2 at 6 gives reasons for denial of parole); Mont. Admin. R. 20.25.401(9); *see* Final Board Dispositions April 2012 at 18, available at http://bopp.mt.gov/dispositions (accessed November 14, 2014) (showing "A" under "Hearing Type," that is, O'Connell appeared in person before the Board), Mont. Admin. R. 20.25.202(7), .401(1)). Those points are "the beginning and the end of the federal habeas courts' inquiry." *Swarthout*, 131 U.S. at 862.

## CONCLUSION

Mr. O'Connell has failed to state a claim upon which relief may be granted. These are not defects which could be cured by the allegation of additional facts. The Complaint should be dismissed.

**"Strike" under 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). Because Mr. O'Connell failed to state a claim, the dismissal of this matter should be a strike under 28 U.S.C. §1915(g).

**Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The instant Complaint is frivolous as it lacks arguable substance in law or fact. As such, no reasonable person could suppose an appeal would have merit.

The Court should certify that any appeal of this matter would not be taken in good faith.

**Address Changes**

At all times during the pendency of this action, Mr. O'Connell must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED:**

1. Mr. O'Connell's Complaint (Doc. 2) should be DISMISSED.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Mr. O'Connell failed to state a claim upon which relief may be granted.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &**

**RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. O'Connell may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 18th day of November, 2014.

         /s/ Keith Strong
        Keith Strong
        United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.