IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL P. O'CONNELL, | CV 14-23-H-DLC |
| Plaintiff, | |
| vs. | ORDER |
| STEVE BULLOCK, and the MONTANA LEGISLATURE, | |
| Defendants. | |

FILED

FEB 2 5 2015

Clerk, U.S District Court
District Of Montana
Missoula

United States Magistrate Judge R. Keith Strong entered his Findings and Recommendation on November 18, 2014, recommending that Michael P. O'Connell's complaint be dismissed for failure to state a claim. Mr. O'Connell timely objected to the Findings and Recommendation and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

-1-

For the reasons stated below, the Court adopts Judge Strong's findings and recommendation in full.

Mr. O'Connell, a prisoner proceeding pro se, filed this action under 42 U.S.C. § 1983. Mr. O'Connell alleges the Montana Board of Pardons and Parole ("the Board"), by the actions of the Montana Legislature, has violated the rights of all inmates in the State because a decision of the Board cannot be appealed or challenged in court. Mr. O'Connell alleges he complied with all court-ordered treatments and became parole eligible in June of 2012, but the Board denied his application, rendering him ineligible for parole for another two years based on his criminal history. (Doc. 2 at 6.) He is now seeking damages as a result of his denial of parole.

Because Mr. O'Connell moved to proceed in forma pauperis, Judge Strong conducted a preliminary screening of the complaint pursuant to Title 28 U.S.C. §§ 1915(e)(2)(B), 1915A. Based upon this preliminary screening, Judge Strong recommends Mr. O'Connell's claims be dismissed for failure to state a claim upon which relief may be granted.

Mr. O'Connell objects to Judge Strong's findings regarding: (1) mootness, (2) denial of parole, and (3) due process.

Mr. O'Connell's claims are moot because he was granted parole in April

2014, therefore his legal interest in an injunction is extinguished because it would have no effect on him. *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 871 (9th Cir. 2002). Mr. O'Connell objects to the finding of mootness because he claims the Board's granting of parole was conditioned upon his successful completion of prerelease and the Board "does not have the ability to place an inmate in a program in the State of Montana," so he was not actually paroled. (Doc. 8 at 2.) Regardless of this contention, Mr. O'Connell was granted parole and has since completed prerelease rendering his claim for injunctive relief moot.

Mr. O'Connell objects to Judge Strong's finding that his § 1983 claim is *Heck* barred. *Heck v. Humphrey,* 512 U.S. 477 (1994). Mr. O'Connell's claims are a collateral attack on the denial of parole and subsequent incarceration, which *Heck* does not allow. *Id.* The Court agrees with Judge Strong that although Mr. O'Connell contends parole decisions are not reviewable, he could have challenged the parole statute as unconstitutional through a petition for habeas corpus, which he did not do.

Mr. O'Connell renews in his objections his allegation that he has a liberty interest in parole and objects to Judge Strong's finding that he does not. Mr. O'Connell does not have a liberty interest in parole and is not entitled to federal judicial review of the quality of the Board's reasons for denial of parole. Mont.

-3-

Code Ann. §§ 46-23-201(1) (2011) and 201(5); *Swarthout v. Cooke*, 131 S.Ct 859, 862 (2011) (per curiam). *Swarthout* made clear that a prisoner seeking parole receives adequate process when he is allowed an opportunity to be heard and is provided a statement of the reasons why parole was denied. *Id.* Even if his § 1983 claim were not *Heck* barred, Mr. O'Connell agrees that he was not deprived of anything he was actually entitled to during his parole hearing: notice, a written statement of reasons, and an opportunity to be heard. *Swarthout*, 131 U.S. at 862.

Because Mr. O'Connell failed to state a claim, the dismissal of this matter constitutes a strike under 28 U.S.C. § 1915(g). Additionally, the instant complaint is frivolous as it lacks arguable substance in law or fact. As such, no reasonable person could suppose an appeal would have merit. Any appeal of this matter would not be taken in good faith.

There being no clear error in any of Judge Strong's remaining findings and recommendations,

IT IS ORDERED:

1. Judge Strong's Findings and Recommendation (Doc. 7) are ADOPTED IN FULL.

2. Plaintiff's Complaint (Doc. 2) is DISMISSED.

3. This case is CLOSED. The clerk is directed to close this case and enter

judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4. The docket shall reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

5. The docket shall reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because plaintiff failed to state a claim and his claims are frivolous.

DATED this 25th day of February, 2015.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court